The Honorable Don Steen State Representative, District 115 State Capitol Building, Room 109-G Jefferson City, Missouri 65101
Dear Representative Steen:
This opinion letter is in response to your question asking whether a city can provide emergency ambulance service to people living outside the city limits. Based on the information you provided, we understand your question relates to a fourth class city providing emergency ambulance service outside the city limits to persons living in an area outside the city limits but near to the city.
A fourth class city "cannot act without specific grants of power" from the legislature. Cape Motor Lodge, Inc. v. City ofCape Girardeau, 706 S.W.2d 208, 212 (Mo. banc 1986); accord Stateex rel. Mitchell v. City of Sikeston, 555 S.W.2d 281, 288 (Mo. banc 1977). "[C]ourts have generally followed a strict rule of construction when construing the powers of municipalities."Mitchell, 555 S.W.2d at 288. The power must be (1) granted in express words; (2) necessarily or fairly implied in, or incident to, the powers expressly granted; or (3) essential to the declared objects and purposes of the municipality. Id.; accordCity of Raytown v. Danforth, 560 S.W.2d 846, 848 (Mo. banc 1977). "`Any reasonable doubt as to whether a power has been delegated to a municipality is resolved in favor of nondelegation.'" Cityof Raytown, 560 S.W.2d at 848 (quoting Anderson v. City ofOlivette, 518 S.W.2d 34, 39 (Mo. 1975)); accord Taylor v.Dimmitt, 78 S.W.2d 841, 843 (Mo. 1934).
In addition to this rule in determining whether a municipality has authority to exercise municipal or governmental functions, there is an analogous rule regarding a municipality acting outside its boundaries. "Usually, a municipality's jurisdiction ceases at its boundaries," and when municipalities "render service to consumers outside their corporate boundaries, they perform no municipal function, but depart from the primary objects for which they have existence, and enter a field of private business. Authority for such action . . . should clearly appear." Taylor, 78 S.W.2d at 843; accord Mobil-TeriaCatering Company, Inc. v. Spradling, 576 S.W.2d 282, 283
(Mo. banc 1978).
The grant of authority for a fourth class city to operate an ambulance service is found in Section 67.300, RSMo 1994, which in relevant part states:
 67.300. Counties and cities, towns and villages authorized to operate ambulance service — rates may be set — insurance may be purchased. — 1. Any county, city, town or village may provide a general ambulance service for the purpose of transporting sick or injured persons to a hospital, clinic, sanatorium or other place for treatment of the illness or injury, and for that purpose may
 (1) Acquire by gift or purchase one or more motor vehicles suitable for such purpose and may supply and equip the same with such materials and facilities as are necessary for emergency treatment, and may operate, maintain, repair and replace such vehicles, supplies and equipment;
 (2) Contract with one or more individuals, municipalities, counties, associations or other organizations for the operation, maintenance and repair of such vehicles and for the furnishing of emergency treatment;
 (3) Employ any combination of the methods authorized in subdivisions (1) and (2) of this section.
* * *
This statute, given the rules of construction discussed above, does not grant a city the power to provide ambulance service outside its boundaries.
Section 67.300 can be contrasted with other statutes which explicitly grant a city the authority to provide services outside its boundaries. An example is Section 91.020, RSMo 1994, which allows a city to provide electricity beyond the city limits. Section 91.020 provides:
 91.020. Cities empowered to sell light and power. — Any city in this state, which owns and operates any electric light or power plant, may, and is hereby authorized and empowered to, supply electric current from its light or power plant to other municipal corporations for their use and the use of their inhabitants, and also to persons and private corporations for use beyond the corporate limits of such city, and to enter into contracts therefor for such time and upon such terms and under such rules and regulations as may be agreed upon by the contracting parties. [Emphasis added.]
Another example is Section 91.050, RSMo 1994, which authorizes a city to provide water beyond the city limits:
 91.050. Cities owning waterworks may supply other cities. — Any city in this state which owns and operates a system of waterworks may, and is hereby authorized and empowered to, supply water from its waterworks to other municipal corporations for their use and the use of their inhabitants, and also to persons and private corporations for use beyond the corporate limits of such city, and to enter into contracts therefor, for such time, upon such terms and under such rules and regulations as may be agreed upon by the contracting parties. [Emphasis added.]
Furthermore, Section 250.190, RSMo 1994, provides:
 250.190. Services outside corporate limits — rates. — Any such city, town or village or sewer district operating a sewerage system or a combined waterworks and sewerage system under this chapter shall have power to supply water services or sewerage services or both such services to premises situated outside its corporate boundaries and for that purpose to extend and improve its sewerage system or its combined waterworks and sewerage system. Rates charged for sewerage services or water services to premises outside the corporate boundaries may exceed those charged for such services to premises within the corporate limits. [Emphasis added.]
There is no statutory provision comparable to the examples above allowing a fourth class city to provide ambulance service outside its city limits.
However, Sections 70.210, et seq., RSMo, authorize cities to enter into cooperative agreements. Section 70.220, RSMo 1994,[1]
states:
 70.220. Political subdivisions may cooperate with each other, with other states, the United States or private persons. — Any municipality or political subdivision of this state, as herein defined,[2] may contract and cooperate with any other municipality or political subdivision, . . . for a common service; provided, that the subject and purposes of any such contract or cooperative action . . . shall be within the scope of the powers of such municipality or political subdivision.
This office has issued numerous prior opinions concerning cooperative agreements pursuant to Sections 70.210, et seq. Enclosed herein are the following prior opinions which address such cooperative agreements: Opinion No. 17-85; Opinion Letter No. 78, McCubbin, 1978; Opinion Letter No. 266, Kiefner, 1974; Opinion No. 270, Martin, 1971; and Opinion No. 213, Cantrell, 1963. These prior opinions may provide guidance in the event a city chooses to consider a cooperative agreement relating to ambulance service.
In summary, it is the opinion of this office that a fourth class city does not have the authority to provide emergency ambulance service outside its city limits to persons living in an area outside the city limits but near to the city unless it has entered into a cooperative agreement as authorized by Sections70.210, et seq., RSMo.
 Very truly yours, JEREMIAH W. (JAY) NIXON Attorney General
[1] See also Missouri Constitution, Article VI, Section 16.
[2] Section 70.210 (3), RSMo 1994, defines "political subdivision" to include cities.